UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

| | |
|---|---|
| SUSAN BARNES,<br><br>      Plaintiff,<br><br>  vs.<br><br>PERFORMANT RECOVERY, INC.;<br>and DOES 1 through 10, inclusive,<br><br>      Defendants. | Civil Action No.:<br><br><br><br>COMPLAINT AND DEMAND FOR JURY |

## COMPLAINT

### I.     INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Susan Barnes, an individual consumer, against Defendant, Performant Recovery, Inc., for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

///

///

///

## II.     JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

## III.     PARTIES

3. Plaintiff, Susan Barnes is a natural person with a permanent residence in Southfield, Oakland County, Michigan 48075.

4. Upon information and belief, the Defendant, Performant Recovery, Inc., is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 333 North Canyons Parkway, Suite 100, Livermore, Alameda County, California 94551. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due to another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.     FACTUAL ALLEGATIONS

6. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services, which are the subject of the transaction, are

primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. On June 28, 2013, Defendant, in connection with the collection of the alleged debt, stated that if Plaintiff did not make a payment of $13,000.00, Defendant would take the funds out of Plaintiff's Bank account directly.

8. Defendant has no standing to commence seizure proceedings on behalf of the creditor.

9. Defendant is a debt collection company and as a debt collection company attempting to collect an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings, which could result in seizure.

10. The representations made to Plaintiff by Defendant regarding seizure were false.

11. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

12. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

13. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

14. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff.

## V. FIRST CLAIM FOR RELIEF

15. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

16. Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

   (a) Defendant violated *§1692d* of the FDCPA by engaging in conduct that lead to the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

   (b) Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language that lead to the natural consequences of which is to abuse the hearer or reader in connection with the collection of an alleged debt; and

   (c) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

   (d) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt

4

will result in the seizure of any property or wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

(e) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(f) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection of the alleged debt; and

(g) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

17. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

18. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Susan Barnes, for declaratory judgment that Defendant's conduct violated the FDCPA, for actual damages, statutory damages, costs, and attorney fees.

## VI. SECOND CLAIM FOR RELIEF

19. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of violations of the Michigan Occupational Code ("MOC") including, but not limited to, each and every one of the above-cited provisions of the MOC, MCL § 339.901 et seq.

21. Defendant violated MCL §339.915(a) by threatening legal action when the Defendant does not have standing to commence such an action and this threat is deceptive or misleading.

22. Defendant violated MCL § 339.915(e) because Defendant made an inaccurate or untrue statement in stating that they would take legal action against Plaintiff when Defendant does not having standing to do so.

23. The above violations were willful.

24. Plaintiff suffered damage, injury and/or loss because Defendant's calls violated Plaintiff's privacy rights.

25. Plaintiff expects that Defendant follow state and/or federal law in collecting debts.

26. As a result of each and every Defendant's violations of the MOC, Plaintiff is entitled to the greater of statutory damages of $150.00 or three times

6

actual damages and is entitled to reasonable attorney's fees and costs pursuant to MCL § 399.916(2) from each and every Defendant herein.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Performant Recovery, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages.

D. Costs and reasonable attorney fees.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Susan Barnes, demands trial by jury in this action.

Dated: August 12, 2013                    RESPECTFULLY SUBMITTED,
                                          By: /s/ Tarek Chami
                                          Tarek N. Chami, Esq.
                                          Chami Law, PLLC
                                          16030 Michigan Ave, Suite 220
                                          Dearborn, MI 48126
                                          Tel: (313) 410-5118
                                          tarek@chamilawpllc.com
                                          *Attorney for Plaintiff,*
                                          *Susan Barnes*